IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD CAMERON,** | CIVIL NO. 1:13-CV-2159 |
| Petitioner | (Judge Rambo) |
| v. | (Magistrate Judge Schwab) |
| **JOHN KERESTES; PENNSYLVANIA BOARD OF PROBATION AND PAROLE; PENNSYLVANIA DEPARTMENT OF CORRECTIONS; and PENNSYLVANIA ATTORNEY GENERAL,** | |
| Respondents | |

# M E M O R A N D U M

## I.     Introduction

Before the court is a report and recommendation of the magistrate judge to whom this matter was referred in which she recommends that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. s 2254 by Petitioner Ronald Cameron be dismissed.  Cameron has filed objections to the report and recommendation and the matter is ripe for disposition.  Cameron's § 2254 petition claims that the denial by the  Pennsylvania Board of Probation and Parole of his reparole violated his substantive due process rights.  For the reasons set forth below, the court will adopt the report and recommendation of the magistrate judge.

## II.      Background

In 1994, Cameron was sentenced to a 10 to 20 year term of imprisonment for crimes of delivery of a controlled substance, possession of a controlled substance, possession of a controlled substance and criminal conspiracy. Cameron was eventually paroled on November 4, 2004 but that parole was revoked on or about June 26, 2012 after Cameron tested positive for cocaine. He requested reparole which was denied on June 5, 2013. The reasons for the denial of reparole were as follows:

> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Your prior unsatisfactory parole supervision history.
>
> Your failure to demonstrate motivation for success.
>
> You are to be reviewed in or after December, 2013. At your next interview, the Board will review your file and consider:
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.

(Doc. 1, P. 26.)

Cameron states that the reasons given are not the basis of the denial of his reparole; that the true reason was that his unit manager had input in this denial; and that he was previously granted parole. Cameron cites as cases in his favor *Fuller v. Coleman*, 2010 WL 5169 066 (W.D. Pa. 2010), *Barnes v. Wenerowicz*, 280 F.R.D. 206 (E.D. Pa. 2012).[1]

---

[1] This court notes that, as stated by Respondents and adopted by the magistrate judge, these cases are not on point for Cameron's argument.

**III.** **Discussion**

In *Newman v. Beard*, 617 F.3d 775 (3d Cir. 2010), the court stated:

> The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the proceedings used to implement them." [citations omitted] "conduct can violate substantive due process if it 'shocks the conscience' which encompasses 'only the most egregious official conduct.'" [citations omitted.]

*Id.* at 782. The reasons for denial of parole as stated above do not implicate an unconstitutional impermissible ground (race, religion, ethnicity, etc.). The issue is whether the stated reasons are arbitrary or egregious.

One of the primary factors that the Board must consider is whether there is any indication that an inmate poses a risk to public safety. 61 Pa. Cons. Stat. Ann. § 6137(g)(4)(iv). The fact that Cameron was granted parole previously is not a factor to consider when he violated that parole because of his involvement with drugs. Thus, two of the factors cited by the Board, i.e. the level of risk to the community and the unsatisfactory parole supervision history, are not egregious or shock to the conscience.

**IV.** **Conclusion**

Cameron's claim of violation of his substantive due process is not supported. His parole denial was not arbitrary nor based on a constitutionally impermissible reason. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Thus, the court will adopt the report and recommendation of Magistrate Judge Schwab (Doc. 22), deny Cameron's petition (Doc. 1), deny as moot Cameron's motion for relief pending review (Doc. 12), motions to appoint counsel (Docs. 18 & 23), and motion for evidentiary hearing (Doc. 19).

Since the filing of the report and recommendation and objections thereto, additional filings appear to have been made to the record by Cameron,[2] and allegedly by another prisoner or prisoners (a motion to certify class (Doc. 24) and a motion to intervene (Doc. 25)). These latter requests will be dismissed as moot. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: January 16, 2014.

---

[2]The court notes the remarkable handwriting resemblance between documents filed by Cameron and the documents filed allegedly by other inmates.